JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6503 | **DATE** | Jan. 6 2005 |
| **CASE TITLE** | IFC Credit Corp. v Eastcom, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered. Defendant's motion to dismiss is denied and defendant's motion to transfer the case to the Central District of California is granted. Defendant's request for judicial notice is denied as moot. Status hearing date of 1/25/05 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| X | Notices mailed by judge's staff. | | | JAN 07 2005 date docketed | 16 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| GS courtroom deputy's initials | | | | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IFC CREDIT CORPORATION, Assignee of Norvergence, Inc.,

    Plaintiff,

v.

EASTCOM, INC., d/b/a Samtack USA,

    Defendant.

No. 04 C 6503

Judge Robert W. Gettleman

DOCKETED
JAN 0 7 2005

## MEMORANDUM OPINION AND ORDER

Plaintiff IFC Credit Corporation, located In Illinois has sued defendant Eastcom, Inc., located in California, seeking to collect rental payments due under an equipment lease entered into between defendant and Norvergence Inc. and then assigned to plaintiff. On November 17, 2004, defendant presented a motion to dismiss for lack of personal jurisdiction or in the alternative to transfer venue to the United States District Court for Central District of California. Plaintiff failed to appear and, because it appeared meritorious, the court granted the motion to transfer and ordered the case transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). On November 30, 2004, plaintiff presented a motion to vacate the transfer order and for leave to file a response to the motion to transfer. The court granted the motion to vacate, and set a briefing schedule on the motion to transfer. By the time that order was entered on the docket on December 7, 2004, however, the case had been transferred to the Central District of California pursuant to Local Rule 83.4, leaving it questionable as to where the case is now pending.

Currently before the court (assuming there is a case before the court) is defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer. In response to that motion, plaintiff relies on a forum selection clause in the original contract between defendant and Norvergence which provides:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's [Norvergence, Inc.'s] principal offices are located or, if this Lease is assigned by Renter, the State in which the Assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option. You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental.

Plaintiff argues that the "forum selection clause" confers both personal jurisdiction and venue in this court. Burger King Corp. v. Rudzewcz, 471 U.S. 462, 472 n.14 (1985). It is not at all clear, however, that Illinois would enforce any such a provision that fails to identify a specific jurisdiction. See e.g., Whirlpool Corp. v. Certain Underwriters at Lloyd's London, 278 Ill.App.3d 175, 180 (1st Dist. 1996), where the court, in refusing to construe a "Service of Suit Clause" specifying "any court of competent jurisdiction" as a true forum selection clause, noted that "[g]ood policy dictates that a true forum selection clause should be clear and specific." In the instant case, the failure to specify a particular jurisdiction renders the lessee incapable of knowing where an assignee might file suit and is akin to the clause rejected by the Whirlpool court. As such, the contract lacks an essential element regarding forum selection. Put simply, no selected forum is identified in the agreement.

Moreover, even if the clause is valid, that simply means that defendant has consented to jurisdiction and venue in Illinois and that defendant's motion to dismiss must be denied. It may,

however, still be appropriate to transfer the case under §1404(a) because, while a party may waive its "right to assert [its] own inconvenience as a reason to transfer a case, [the] district court still must consider whether the interest of justice or the convenience of witnesses require transferring a case." Heller Financial Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1290 (7th Cir. 1989).

Pursuant to Section 1404(a), a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Symons Corp., 954 F. Supp. 184, 186 (N.D. Ill. 1997). The weight to be accorded each of these factors is left to the sole discretion of the court. Coffee v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

In evaluating the convenience and fairness of transfer under §1404(a), a court should consider both the private interests of the parties and the public interests of the court. The private interests that may warrant the transfer of venue include: plaintiff's initial choice of forum; the relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining the attendance of witnesses; the situs of material events; and convenience of the parties, specifically their respective residencies and abilities to bear the expense of trial in a particular forum. Symons, 954 F. Supp. at 186.

The public interest factors that are relevant under a § 1404(a) analysis include: (a) the relation of the community to the occurrence at issue in the litigation and the desirability of resolving controversies in their locale; (b) the court's familiarity with applicable law; and (c) the congestion of respective court dockets and the prospect for earlier trial. Id.

In the instant case, the issues to be litigated are defendant's and Norvergence's performance of the contract, both of which were to take place in California. Plaintiff's choice of forum, which is also its home state and generally accorded great weight, is thus not entitled to such weight because the conduct and events giving rise to the cause of action did not take place in Illinois. Dunn v. Soo Line Railroad Co., 864 F. Supp. 64, 65 (N.D. Ill. 1995). All of the relevant witnesses are located in California or in New Jersey, Norvergence's home state. The equipment at issue is located in California, the majority of the evidence is located in California, and the situs of the material events is California. Aside from the fortuitous fact that the lease in question was assigned to IFC which is located in Illinois, Illinois has no connection to the lawsuit. Although the contract calls for Illinois law to apply, the issue is a simple failure to make lease payments, making this court's familiarity with Illinois law of little significance. Finally, California clearly has a far greater relationship to this dispute than does Illinois. Accordingly, the court concludes that the Central District of California is the more convenient forum and defendant's motion to transfer under § 1404(a) is granted.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is denied, and defendant's motion to transfer the case to the Central District of California is granted. Defendant's request for judicial notice is denied as moot.

**ENTER:** **January 6, 2005**

Robert W. Gettleman
United States District Judge

5